UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00553-MR

| | |
|---|---|
| RODNEY EUGENE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| vs. ) | |
| ) | |
| EDDIE M. BUFFALOE, Jr., Secretary ) | |
| of Department of Public Safety, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on review of the Petition for Writ of Habeas Corpus filed on October 13, 2022 by the Petitioner, Rodney Eugene Jones, pursuant to 28 U.S.C. § 2254. [Doc. 1]. Also before the Court is the Petitioner's Application to Proceed *in Forma Pauperis*, filed on October 27, 2022. [Doc. 3].

**I.      BACKGROUND**

Rodney Eugene Jones (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 151 to 191 months of incarceration following a March 13, 2012 conviction as a habitual felon in Mecklenburg County Superior Court for first-degree burglary and

larceny after a breaking and entering.[1] [Doc. 1 at 1]. The Petitioner filed a direct appeal challenging his out-of-court identification by the victim as improperly suggestive. State v. Jones, 2013 WL 5231986 (N.C. Ct. App. Sept. 17, 2013). In its order issued September 17, 2013, the appellate court found no error by the trial court's admission of the identification. Id.

On January 27, 2017, the Petitioner filed a motion in the Mecklenburg County Superior Court requesting post-conviction DNA testing on a "gray jacket" purportedly worn by the Petitioner during the offense. In his motion, the Petitioner argued that the jacket, which had been processed and disposed of almost ten years earlier by the Charlotte-Mecklenburg Police Department, had been prematurely destroyed. [Doc. 1 at 4-5]. State v. Jones, 2019 WL 1998707 (N.C. Ct. App. May 7, 2019). The court denied the motion on May 17, 2017, concluding that the Petitioner failed to demonstrate materiality for DNA testing and could show no due process violation. Id. The Petitioner then sought appellate review, which was denied on May 7, 2019. Id.

The Petitioner filed the pending § 2254 petition for writ of habeas corpus on October 13, 2022. [Doc. 1]. The petition raises the following

---

[1] The Petitioner previously filed a § 2254 petition for writ of habeas corpus in this Court in connection with a prior conviction from 2011 in Burke County, North Carolina. See Jones v. Parsons, 1:12-cv-00175 (W.D.N.C.).

2

grounds for relief: (1) the prosecution destroyed exculpatory evidence (i.e., the gray jacket) without conducting forensics testing and without a court order to destroy the evidence; (2) the prosecution presented unauthorized evidence (i.e., the gray jacket) that was not timely turned in to the police department; (3) defect in chain of custody of evidence by the prosecution; and (4) ineffective assistance of trial counsel due to withholding discovery files and plea offer. [Doc. 1 at 5-12]. The Petitioner seeks to have his sentence vacated and requests release from imprisonment. [Id. at 18].

## II. DISCUSSION

### A. Application to Proceed *in Forma Pauperis*

Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis.* Federal courts may excuse the required fees if the if the litigant demonstrates he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner moves this Court for an application to proceed *in forma pauperis.* [Doc. 3]. The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Id.]. The Court is satisfied that the Petitioner does not have

3

Case 3:22-cv-00553-MR   Document 4   Filed 11/21/22   Page 3 of 9

sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis.*

B.  **Initial Review of § 2254 Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment and conviction was entered on March 13, 2012, and the Petitioner's direct appeal concluded on September 17, 2013. [Doc. 1 at 1]. State v. Jones, 2013 WL 5231986 (N.C. Ct. App. Sept. 17, 2013). Because the Petitioner did not file a petition for discretionary review, the Petitioner's judgment became final on or about October 22, 2013, 35 days after issuance of the opinion from the North Carolina Court of Appeals and when the time for seeking further review expired. See N.C. R. App. 14(a) and 15(b)(providing fifteen days after the court of appeals issues its mandate to file a notice of appeal and/or petition for discretionary review with North Carolina Supreme Court); N.C. R. App. 32(b)(unless otherwise ordered by the court, the mandate issues 20 days after decision is filed); Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012)("...with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). The statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about October 22, 2014. See 28 U.S.C. § 2244(d)(1).

The Petitioner's post-conviction motion requesting DNA testing on the gray jacket was not filed until January 17, 2017, several years after the expiration of the statute of limitations under the AEDPA. The post-conviction

5

Case 3:22-cv-00553-MR   Document 4   Filed 11/21/22   Page 5 of 9

filing would not have tolled the statute of limitations for the filing of a § 2254 petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). In any event, the period of time from the issuance of the mandate of the North Carolina Court of Appeals regarding the Petitioner's MAR and his filing of this action was more than three years. Therefore, the Petitioner's § 2254 petition filed on October 13, 2022, is well beyond the statute of limitations and subject to dismissal unless the Petitioner can show that he is entitled to statutory tolling under § 2244(d)(1) or that equitable tolling otherwise applies.

    The Petitioner does not dispute that his § 2254 petition is untimely filed. In addressing the timeliness of the petition, the Petitioner claims that all grounds raised in the petition are based upon newly discovered evidence that show discovery violations by the prosecution and that he "did not have knowledge of this until recently." [Doc. 1 at 17].[2]

---

[2] The § 2254 petition is filed approximately eight years after the statute of limitations ran. The Petitioner has directly addressed the issue of timeliness in his petition. Unlike the narrow circumstances found by the Fourth Circuit in Bilal v. North Carolina, 287 Fed. App'x 241, 249 (4th Cir. 2008) which required granting the petitioner the opportunity to address untimeliness before his habeas petition was dismissed, here the Court need not give the Petitioner an additional opportunity to address timeliness because it is clear that the Petitioner understands the issue and has addressed it.

A claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[B]y its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have*...discovered' it." Sawyer v. Kiser, 2017 WL 631574, *4 (E.D. Va. Feb. 15, 2017)(emphasis original).

In addition to tolling of the statute of limitations under §2244, equitable tolling of the statute of limitations may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner's allegations of newly discovery evidence are conclusory and he does not cite to any evidence that could not have been

7

timely and previously discovered through the exercise of due diligence. The Petitioner claims that the documents enclosed with his § 2254 petition constitute new evidence showing the prosecution committed discovery violations. However, the documents attached to the petition are all copies of documents relating to his previous criminal proceedings in state court. [Doc. 1-1 at 1-8]. None of the documents demonstrate that the Petitioner recently obtained any newly discovered evidence that shows the prosecution committed discovery violations.

The issue pertaining to the destruction of the gray jacket was previously raised in the Petitioner's post-conviction motions in state court. The Petitioner cites to nothing new that could not have been obtained previously and through the exercise of due diligence. Without more, his blanket assertion that he "did not have knowledge of this until recently" does not support his claim for newly discovered evidence. Because the Petitioner fails to demonstrate the existence of any newly discovered evidence to justify statutory or equitable tolling the statute of limitations, the petition shall be dismissed as time-barred.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy

§ 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Application to Proceed *in Forma Pauperis* [Doc. 3] is **GRANTED**.

2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely filed.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: November 21, 2022

Martin Reidinger
Chief United States District Judge